# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JERRY B. KING,

       Petitioner,

v.                                        Case No.  8:06-CV-153-T-27MAP

FLORIDA PAROLE COMMISSION,

       Respondent.

_____/

## ORDER

       Petitioner, a State of Florida inmate, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2241 or § 2254 (hereinafter "petition") (Dkt. 1). Respondent filed a Response to Petition for Writ of Habeas Corpus in which Respondent argues that this action must be dismissed for Petitioner's failure to exhaust state court remedies, because Petitioner never raised in state court the claims he raises in his federal habeas petition (Dkt. 8). Petitioner has filed a reply to Respondent's response/motion to dismiss in which he asserts that he has exhausted all of his state court remedies (Dkt. 9).

## Background

       In 1990, Petitioner was convicted of robbery with a firearm (Case No. 90-4786) and robbery (Case No. 90-4280) in Hillsborough County, Florida. He was sentenced on May 14, 1990, to serve terms of 35 years and 15 years, respectively. On June 5, 1991, Petitioner was convicted of robbery in Polk County, Florida, and sentenced to serve a term of 15 years (Case No. 90-1528).

       Petitioner was released from custody by the Florida Department of Corrections (hereinafter

"FDOC") on January 30, 2002, subject to certain terms and conditions under the Conditional Release Program Act.[1]  On July 7, 2003, Petitioner was convicted of grand theft motor vehicle.  On October 1, 2003, the Florida Parole Commission (hereinafter "Respondent") revoked Petitioner's conditional release.

On February 23, 2004, Petitioner filed a state petition for writ of habeas corpus in case number 2004CA000208.  On August 10, 2004, the state circuit court denied the state petition for writ of habeas corpus. Petitioner appealed.  On August 2, 2005, the appellate court per curiam affirmed.  *King v. State*, 907 So.2d 1179 (Fla. 5th DCA 2005)[table].

On January 27, 2006, Petitioner filed a timely petition for writ of habeas corpus in this Court

## Discussion

Respondent asserts that the petition must be denied for Petitioner's failure to exhaust state court remedies.  In support, Respondent submits that "[t]he Petitioner has never raised the claims presented herein in state court, and none of the claims raised herein have been addressed by any Florida court." (Dkt. 8 at page 3).

In his reply to Respondent's response, Petitioner asserts that he has exhausted his state remedies regarding the claims he raises in his petition.  In support of his assertion, Petitioner has filed, *inter alia*, a copy of his state court appellate brief which appears to include the arguments Petitioner raises in his federal habeas petition (See Dkt. 9 at Ex. B).

The Court finds that Petitioner has presented adequate factual averments and copies of

---

[1]Beginning in 1983, the Florida Legislature enacted a series of statutes authorizing the FDOC to award early release credits to prison inmates when the population of the state prison system exceeded predetermined levels. The Conditional Release Program Act, codified at Fla. Stat. 947.1405, was enacted in 1988 and became effective on October 1, 1989.  One in a series of mechanisms devised to relieve prison overcrowding, conditional release is administered by the FDOC and the Florida Parole Commission. *Id.*

documents to satisfy his burden of showing exhaustion of state remedies on each issue in his petition. *See Darr v. Burford*, 339 U.S. 200, 218-19 (1950) (recognizing petitioner's burden to demonstrate exhaustion of state remedies), *overruled in part on other grounds by Fay v. Noia*, 372 U.S. 391 (1963).

ACCORDINGLY, the Court **ORDERS** that:

1. Respondent's motion to dismiss the petition for failure to exhaust state remedies (Dkt. 8) is **DENIED** without prejudice to Respondent to raise failure to exhaust state remedies in a supplemental response.

2. Respondent shall have **THIRTY (30) DAYS** from the date of this Order within which to file a supplemental response to the Petition, and to show cause why the Petition should not be granted. The supplemental response shall respond to the allegations of the Petition. In addition, it shall state whether Petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also the right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceedings. *If it is denied that Petitioner has exhausted his state remedies, the supplemental response shall contain in detail an explanation of which state remedies remain available to Petitioner.*

The supplemental response shall also state whether an evidentiary hearing was accorded Petitioner in a court of the state at either the pre-trial or post-conviction stage. If such an evidentiary hearing was conducted, the supplemental response shall state whether a transcript of the proceedings is presently available and, if not, whether and approximately when it may be procured; or, if the transcript is neither available nor procurable, whether a narrative summary of the evidence is available or can be procured within a reasonable time. If the transcript or narrative summary is presently available, or is

3

procurable within the time fixed for filing the supplemental response, it shall be filed by Respondent with the supplemental response and the record of the pre-trial, trial, and/or post-conviction proceedings. Otherwise, the supplemental response and record shall be filed within that time and the transcript or narrative summary shall subsequently be procured by Respondent and filed.

If Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the briefs on appeal and of the opinion of the appellate court, if any, shall also be filed by Respondent with the supplemental response. In addition, the supplemental response shall contain the citation(s) to the state court opinion(s) that is (are) reported.

Both parties shall insure that all transcripts, briefs and other documentary exhibits accompanying any pleadings which they submit to the Court shall be individually marked for identification and a table of contents or index shall be included to aid the Court in location of such documentary exhibits.

If Respondent incorporates a motion to dismiss the Petition in the supplemental response, pro se Petitioner is advised out of an abundance of caution that the granting of this motion would result in the dismissal of this case.

If Respondent includes documents in support of a request to dismiss the Petition, the Court will construe the request to dismiss the Petition as a motion for summary judgment. In preparing a response, Petitioner should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, Federal Rules of Civil Procedure, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine

4

issue of material fact in dispute. If the opposing party fails to respond to the motion or responds but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, depositions, answers to interrogatories, and answers to admissions filed along with the affidavits. In that event there will be no evidentiary hearing and the case will be ended in this Court.

If Petitioner fails to file a response to the motion to dismiss or construed motion for summary judgment within **TWENTY (20) DAYS** after it is filed, the motion will be taken under advisement and an Order entered thereon without further notice.

3. Petitioner may have **TWENTY (20) DAYS** to file a reply to the supplemental response to the petition. *See* Rule 5(e), Rules Governing Section 2254 Cases (2008).

**DONE AND ORDERED** in Tampa, Florida, on _December 17ᵗʰ_, 2008.

_____
JAMES D. WHITTEMORE
United States District Judge

SA:sfc

Copy furnished to:
*Pro Se* Petitioner
Counsel of Record

5